**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**ENVIRONMENTAL SOLUTIONS**
**ASSN. 1** d/b/a Environmental
Solutions Association,

|  |  |
|---|---|
| **Plaintiff,** | **5:12-cv-944** |
|  | **(GLS/DEP)** |
| **v.** | |
| **PROFESSIONAL** | |
| **LABORATORIES, INC.,** | |
| **Defendant.** | |

_____

## SUMMARY ORDER

Plaintiff Environmental Solutions Assn. 1, doing business as

Environmental Solutions Association, commenced this action against

defendant Professional Laboratories, Inc., alleging six causes of action,

including copyright infringement, breach of contract and unjust enrichment.

(*See* Compl., Dkt. No. 1.)  Although service of the Complaint was made on

June 20, 2012, (*see* Dkt. No. 6), Professional Laboratories failed to

interpose an Answer.  As such, Environmental Solutions filed a request for

a Clerk's entry of default, which was entered on July 19, 2012.  (*See* Dkt.

Nos. 8, 9.)  Now pending are Environmental Solutions' motion for default

judgment, and Professional Laboratories' cross motion to, *inter alia*, set

aside the default under Federal Rule of Civil Procedure 55(c)[1]. (*See* Dkt.

Nos. 10,15.) For the reasons that follow, Environmental Solutions' motion

is denied and Professional Laboratories' cross motion is granted.

Willfulness does not generally include conduct that is careless or

negligent. *Am. Alliance Ins. Co. v. Eagle Ins. Co.*, 92 F.3d 57, 61 (2d Cir.

1996). Although Environmental Solutions argues otherwise, (*see* Dkt. No.

16 at 2-8), the court is unpersuaded that Professional Laboratories'

improvident reliance on its former counsel was anything more than

careless or negligent, (*see* Dkt. No. 15, Attach. 1 ¶¶ 21-37). Indeed, there

is no indication that Professional Laboratories acted in bad faith in failing to

timely defend. Furthermore, setting aside the entry of default will not

prejudice Environmental Solutions. Prejudice results when delay causes

"the loss of evidence, create[s] increased difficulties of discovery, or

provide[s] greater opportunity for fraud and collusion." *Davis v. Musler*, 713

---

[1] The standard of review under Fed. R. Civ. P. 55(c) is well
established and will not be repeated here. For a full discussion of the
standard, the court refers the parties to its decision in *Gates v. Wilkinson*,
No. 1:03-CV-763, 2005 WL 3115826, at *1-2 (N.D.N.Y. Nov. 21, 2005).
To the extent that Environmental Solutions seeks application of a more
stringent standard under Fed. R. Civ. P. 60(b), (*see* Dkt. No. 16 at 2), the
court—largely for the reasons discussed in Professional Laboratories'
surreply, which is now accepted for filing, (*see* Dkt. No. 19, Attach. 1 at 1-
2)—disagrees that the heightened standard is applicable at this juncture.

F.2d 907, 916 (2d Cir. 1983) (internal quotation marks and citation

omitted).  Here, discovery has not even commenced, and there is no

indication that evidence has been lost.

Finally, Professional Laboratories not only attached its Answer to its

motion papers, but in so doing, also presented evidence of meritorious

defenses, including threshold challenges to the court's jurisdiction.  (*See*

Dkt. No. 15, Attach. 20.)  "To satisfy the criterion of a meritorious defense,

the defense need not be ultimately persuasive at this stage."  *Niepoth v.*

*Montgomery Cnty. Dist. Attorney's Office*, 177 F.R.D. 111, 113 (N.D.N.Y.

1998) (internal quotation marks and citation omitted).  "A defense is

meritorious if it is good at law so as to give the fact finder some

determination to make."  *Id.* (internal quotation marks citations omitted).

Here, the defenses raised by Professional Laboratories are sufficient to set

aside the entry of default.  (*See* Dkt. No. 15, Attach. 20 ¶¶ 93-115.)

In sum, because Professional Laboratories has demonstrated that its

default was not willful, Environmental Solutions will suffer no prejudice, and

it may have a meritorious defense, the entry of default is vacated and the

time in which to file an Answer is extended.

**ACCORDINGLY**, it is hereby

**ORDERED** that Professional Laboratories' request to file a surreply (Dkt. No. 19) is **GRANTED** and the attached surreply is deemed filed immediately; and it is further

**ORDERED** that Environmental Solutions' motion for default judgment (Dkt. No. 10) is **DENIED**; and it is further

**ORDERED** that Professional Laboratories' motion to set aside the Clerk's entry of default and to extend the time to file an Answer (Dkt. No. 15) is **GRANTED**; and it is further

**ORDERED** that Professional Laboratories shall file its proposed Answer within seven (7) days of the date of this Summary Order; and it is further

**ORDERED** that the parties shall contact Magistrate Judge Peebles in order to schedule further proceedings in accordance with this Summary Order; and it is further

**ORDERED** that the Clerk provide a copy of this Summary Order to the parties.

**IT IS SO ORDERED.**

November 9, 2012
Albany, New York

Gary L. Sharpe
Chief Judge
U.S. District Court